# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT AKER and LETICIA WOODS Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GURSTEL LAW FIRM, P.C., <br><br> Defendant. | Case No.: 17-cv-1300 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, ch. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Letitica Woods is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Robert Aker is an individual who resides in the Eastern District of Wisconsin (Kenosha County).

5. Each plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

6. Each plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that each plaintiff allegedly engaged in consumer transactions, resulting in the alleged debts at issue in this case.

7. Defendant Gurstel Law Firm, P.C. ("Gurstel") is a law firm with its principal place of business located at 6681 Country Club Dr., Golden Valley, MN 55427.

8. Gurstel is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Gurstel is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Gurstel is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

10. On or about May 11, 2017, Defendant mailed a debt collection letter to Plaintiff Aker regarding an alleged debt owed to "Cavalry SPV I, LLC." A copy of this letter is attached to this Complaint as Exhibit A.

11. On or about June 22, 2017, Defendant mailed a debt collection letter to Plaintiff Aker regarding an alleged debt owed to "Cavalry SPV I, LLC." A copy of this letter is attached to this complaint as Exhibit B.

12. On or about June 22, 2017, Defendant also mailed an earnings garnishment notice to the payroll department of Plaintiff Aker's employer, Amazon.com, regarding an alleged debt allegedly owed to "Cavalry SPV I, LLC." A copy of this letter is attached to this complaint as Exhibit C.

13. Upon information and belief, Defendant also mailed Plaintiff Aker an earnings garnishment notice, including a copy of the Earnings Garnishment and Earnings Garnishment Exemption Notice that was substantially similar to Exhibit C in content and form.

2

14. Exhibit A informed Plaintiff Aker that a judgment had been entered against him in the matter of Kenosha County Court Case No. 17-sc-351.

15. Exhibit A contains the following text:

Please be advised that judgment was entered against you on May 4, 2017 in the amount of $1,075.76.

16. Exhibit B was a wage garnishment notice for the alleged debt that was reduced to judgment in the matter of Kenosha County Circuit Court Case No. 17-sc-351.

17. Exhibit B contained a copy of the Earnings Garnishment - Exemption Notice, which provided information as to the amount allegedly owed, including a tabulated breakdown of amounts by unpaid balance on judgment, unpaid post judgment interest, the estimated costs of the garnishment, and the total amount owed by the debtor.

18. The tabulated breakdown in Exhibit B was as follows:

The total amount of the creditor's claim is as follows:

| County of Judgment | Case Number | Date of Judgment |
|---|---|---|
| KENOSHA | 17-SC-351 | May 4, 2017 |
| Unpaid balance on judgment | | $1,080.76 |
| Unpaid post judgment interest | | $.00 |
| Estimated costs of this earnings garnishment | | $107.50 |
| **Total amount owed by the debtor** | | $1,188.26 |

19. Exhibit C also contained a copy of the Earnings Garnishment, which provided information as to the amount allegedly owed, including a tabulated breakdown of amounts by unpaid balance on judgment, unpaid post judgment interest, the estimated costs of the garnishment, and the total amount owed by the debtor.

20. The tabulated breakdown in Exhibit C was as follows:

3

The creditor has been awarded a court judgment that has not been paid. As a result, the creditor claims that the amount owed by the debtor is as follows:

| | |
|---|---|
| Unpaid balance on judgment | $1,095.76 |
| Unpaid post judgment interest | $.00 |
| Estimated costs of this earnings garnishment | $107.50 |
| Total amount owed by the debtor | $1,203.26 |

21. A CCAP search on Aug. 2, 2017 shows that the judgment in Kenosha County Circuit Court Case No. 17-sc-351 was $1,075.76.

22. Exhibit B also contains the following text:

Please be advised that the total amount owed may not reflect recent payments and may be different than what the order shows.

23. Exhibit C also contains the following text:

Please be advised that the total amount owed may not reflect recent payments and may be different than what the order shows.

24. Upon information and belief, Exhibits A, B, and C are form letters, generated by computer, and with the information specific to Plaintiff Aker inserted by computer.

25. Upon information and belief, Exhibits A, B, and C are form debt collection letters used by Defendant to attempt to collect alleged debts.

26. The unsophisticated consumer would be confused and misled as to the amount actually owed on the judgment in Kenosha County Circuit Court Case No. 17-sc-351.

27. Exhibit B, sent on June 22, 2017, states that the "Unpaid balance on judgment [is] $1,080.76" and the "[t]otal amount owed by the debtor [is] $1,188.26."

28. Exhibit C, also sent on June 22, 2017, states that the "Unpaid balance on judgment [is] $1095.76" and the "[t]otal amount owed by the debtor [is] $1,203.76."

29. Looking at the letters together, it is impossible to determine how much the debtor actually owes.

30. Moreover, any additional costs incurred as a result of garnishment would not increase the "unpaid balance on judgment."

31. Exhibits B and C misrepresent the actual amount and character of the debt.

32. Such misrepresentations are material because they mislead the unsophisticated consumer about the amount and character of the debt. 15 U.S.C. § 1692e(2)(a).

33. Looking at the letters together, the unsophisticated consumer would be baffled as to whether a payment of the total balance in either of the letters would actually pay off the alleged debt.

34. Moreover, because the garnishment notice provides a statement of the "total amount owed" but this amount is qualified by statements that "the total amount owed may not reflect recent payments and may be different than what the order shows," it also fails to state the amount of the debt in a non-confusing manner.

35. The unsophisticated consumer could not determine from Exhibits A, B, and C what the total amount owed or the balance of the judgment on the dates of the letters actually was.

36. Moreover, Exhibits B and C expressly state that the varying amounts may reflect an incorrect belief on Gurstel's or the creditor's part that Plaintiff Aker made a payment. Under Wisconsin law, a payment restarts the statute of limitations. *Liberty Credit Servs. v. Quinn*, 276 Wis. 2d 826, 688 N.W.2d 768 (Ct. App. 2004) ("A partial payment on the contractual obligation made before the statute of limitations has run tolls the statute and sets it running from the date of payment.").

37. On or about September 26, 2016, Defendant mailed a debt collection letter to Plaintiff Woods regarding an alleged debt owed to "Reviver Financial, LLC" ("Reviver"). A copy of this letter is attached to this Complaint as Exhibit D.

38. Upon information and belief, Exhibit D is a form letter, generated by computer, and with the information specific to Plaintiff Woods inserted by computer.

39. Upon information and belief, Exhibit D is a form debt collection letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

40. Upon information and belief, Exhibit D was the first debt collection letter Defendant mailed to Plaintiff Woods.

41. Exhibit D contains the statutorily required validation notice, advising Plaintiff Woods of her rights to dispute the debt:

> NOTICE: Unless you notify this firm within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this firm will assume this debt is valid. If you notify this firm in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this firm will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. Upon a written request from you within the same 30 day period this firm will provide you with the name and address of the original creditor, if different from the current creditor.

42. Exhibit D contains the following:

> RE: Current Creditor: Reviver Financial, LLC
> Original Creditor: Cash Net - !! *also RiSE (separate issue)*
> Account Number: ****5741
> Current Balance: $914.00
> Our file: ■6582

43. Exhibit D also contains the following:

> This firm has been retained to represent Reviver Financial, LLC in collecting the above-referenced account. Our client informs us, as of the date of this letter, you owe $914.00. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

44.     On or about May 25, 2017, National Credit Adjusters mailed a debt collection letter to Plaintiff Woods regarding an alleged debt with original creditor "CashNet" and with an account number ending in 5741.  A copy of this letter is attached to this complaint as Exhibit E.

45.     Upon information and belief, Exhibit E was a debt collection letter, collecting on the same account as Exhibit D.

46.     Exhibit E contains the following:

```
Original Creditor:        CashNet
Account Number:           ████5741
Current Balance:          $914.00
NCA Reference Number      ████3667
```

47.     Exhibit E states that, as of May 25, 2016, Plaintiff Woods owed a balance of $914.00 on her account with the last four digits 5741, with the original creditor "Cash Net."

48.     On or about June 13, 2017, National Credit Adjusters mailed a debt collection letter to Plaintiff Woods regarding an alleged debt with original creditor "CashNet" and with an account number ending in 5741.  A copy of this letter is attached to this complaint as Exhibit F.

49.     Upon information and belief, Exhibit F was a debt collection letter, collecting on the same account as Exhibits D and E.

50.     Exhibit F contains the following:

```
Original Creditor:        CashNet
Account Number:           ████5741
Current Balance:          $914.00
NCA Reference Number      ████3667
```

51.     Exhibit D states that, as of September 26, 2016, Plaintiff Woods owed a balance of $914.00 on her Reviver account with the last four digits 5741, with the original creditor "Cash Net - II," but that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

7

52. <u>Exhibit D</u> informs the unsophisticated consumer that the alleged balance Plaintiff Woods allegedly owed on September 26, 2016 was subject to increase because of "interest, late charges, and other charges that may vary from day to day."

53. <u>Exhibit D</u> also implies to the unsophisticated consumer that a portion of the alleged balance Plaintiff Woods allegedly owed on September 26, 2016 was the result of "interest, late fees, and other charges that may vary from day to day" that had been imposed by the current creditor, Reviver.

54. <u>Exhibit E</u>, mailed to Plaintiff Woods on May 25, 2017, seven months after <u>Exhibit D</u> stated that the balance of Plaintiff Woods' account was $914.00, states that the balance of the same account was still $914.00.

55. <u>Exhibit F</u>, mailed to Plaintiff Woods on June 13, 2017, more than seven months after <u>Exhibit D</u> stated that the balance of Plaintiff Woods' account was $914.00, states that the balance of the same account was still $914.00.

56. The account Plaintiff Woods allegedly owed was not subject to increase because of interest, late fees, and other charges that may vary from day to day.

57. No portion of the account Plaintiff Woods allegedly owed was the result of "interest, late fees, and other charges that may vary from day to day" that had been imposed by the current creditor.

58. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

60. 15 U.S.C. § 1692f generally prohibits a debt collection from using "unfair or unconscionable means to collect or attempt to collect any debt."

61. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

62. The Seventh Circuit has held that a debt collector must state the amount of the debt without "obscur[ing] it by adding confusing other information (or misinformation)." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 2000 U.S. App. LEXIS 12178 (7th Cir. Ill. 2000); *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997).

63. The statement of a debt balance, along with a qualifying statement that this statement does not actually reflect the debt balance on the day the letter is sent obscures the amount of the debt. *Miller*, 214 F.3d at 875 (statement of the debt must "state the total amount due . . . on the date the dunning letter was sent.").

## COUNT I – FDCPA

64. Count I is brought on behalf of Plaintiff Aker.

65. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66. <u>Exhibits A, B, and C</u> are misleading and confusing to the unsophisticated consumer, in that the balances stated for the debts and amounts of judgment are different, despite the fact that no payments were made and <u>Exhibits B and C</u> were sent on the same day.

67. The unsophisticated consumer would have no idea what the actual balance was, or whether Defendant or the creditor was attempting to toll and restart the statute of limitations with a sham record of a payment by Plaintiff.

68. <u>Exhibits B and C</u> would mislead the unsophisticated consumer to believe that portions of the alleged debt that were being imposed as collection costs had been reduced to judgment when they had not.

69. Defendant misrepresented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(a) and, with respect to the initial letter for each alleged debt, 15 U.S.C. § 1692g.

70. Defendant's letters are confusing to the unsophisticated consumer, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692g(a)(1).

## COUNT II – FDCPA

71. Count II is brought on behalf of Plaintiff Woods.

72. Plaintiff Woods incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

73. <u>Exhibit D</u> is misleading and confusing to the unsophisticated consumer, in that <u>Exhibit D</u> misleads the consumer to believe that the balance is subject to increase as a result of "interest, late fees, and other charges."

74. <u>Exhibit D</u> is also misleading and confusing to the unsophisticated consumer, in that <u>Exhibit D</u> misleads the consumer to believe that the balance comprises "interest, late fees, and other charges" that have been imposed by the current creditor.

75. The unsophisticated consumer would believe that she should pay the balance as soon as possible to avoid the addition of interest, late fees, and other charges.

76. Defendant misrepresented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(a).

10

77. Defendant's letters are confusing to the unsophisticated consumer and imply that the debtor's balance will increase when it will not, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692f, and 1692g(a)(1).

## COUNT III – WCA

78. Count III is brought on behalf of Plaintiff Aker.

79. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

80. Exhibits A, B, and C are misleading and confusing to the unsophisticated consumer, in that the balances stated for the debts and amounts of judgment are different, despite the fact that no payments were made and Exhibits B and C were sent on the same day.

81. The unsophisticated consumer would have no idea what the actual balance was, or whether Defendant or the creditor was attempting to toll and restart the statute of limitations with a sham record of a payment by Plaintiff.

82. Exhibits B and C would mislead the unsophisticated consumer to believe that portions of the alleged debt that were being imposed as collection costs had been reduced to judgment when they had not.

83. Defendant misrepresented the amount of the debt and sent Plaintiff Aker two letters on the same day stating Plaintiff Aker owed two different balances, which is conduct or communication that can reasonably be expected to harass a customer.

84. Defendant violated Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(h).

## COUNT IV – WCA

85. Count IV is brought on behalf of Plaintiff Woods.

86. Plaintiff Woods incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

87. Exhibit D is misleading and confusing to the unsophisticated consumer, in that Exhibit D misleads the consumer to believe that the balance is subject to increase as a result of "interest, late fees, and other charges."

88. Exhibit D is also misleading and confusing to the unsophisticated consumer, in that Exhibit D misleads the consumer to believe that the balance comprises "interest, late fees, and other charges" that have been imposed by the current creditor.

89. The unsophisticated consumer would believe that she should pay the balance as soon as possible to avoid the addition of interest, late fees, and other charges.

90. Defendant misrepresented the amount of the debt and sent Plaintiff Woods a letter that falsely claimed the right to collect "interest, late fees, and other charges" from Plaintiff Woods.

91. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), and 427.104(1)(j).

## CLASS ALLEGATIONS

92. Plaintiffs bring this action on behalf of two Classes.

93. Class I ("Earnings Garnishment Class") consists of (a) all natural persons in the State of Wisconsin (b) who were sent collection letters in the form represented by Exhibits A, B, and C, (c) seeking to collect a debt for personal, family or household purposes, (d) between September 26, 2016 and September 26, 2017, inclusive, (f) that was not returned by the postal service.

94. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

95. Exhibits A, B, and C are misleading and confusing to the unsophisticated consumer, in that the balances stated for the debts and amounts of judgment are different, despite the fact that no payments were made and Exhibits B and C were sent on the same day.

12

96. The unsophisticated consumer would have no idea what the actual balance was, or whether Defendant or the creditor was attempting to toll and restart the statute of limitations with a sham record of a payment by Plaintiff.

97. Exhibits B and C would mislead the unsophisticated consumer to believe that portions of the alleged debt that were being imposed as collection costs had been reduced to judgment when they had not.

98. Defendant misrepresented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(a) and, with respect to the initial letter for each alleged debt, 15 U.S.C. § 1692g.

99. Defendant's letters are confusing to the unsophisticated consumer, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692g(a)(1)., (e) that was not returned by the postal service.

100. Plaintiff Aker is the named Plaintiff regarding Class I.

101. Class II ("Reviver False Interest Class") consists of (a) all natural persons in the State of Wisconsin (b) who were sent collection letters in the form represented by Exhibit D, (c) seeking to collect a debt for personal, family or household purposes, (d) owed to Reviver, (e) between September 26, 2016 and September 26, 2017, inclusive, (f) that was not returned by the postal service.

102. Plaintiff Woods is the named Plaintiff regarding Class II.

103. Each class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each class.

104. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members.

13

The predominant common question is whether the Defendant complied with the FDCPA and WCA.

105. Plaintiffs' claims are typical of the claims of the members of each class. All are based on the same factual and legal theories.

106. Plaintiffs will fairly and adequately represent the interests of the members of each class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

107. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

108. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and each Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 26, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110

14

(414) 482-8000  
(414) 482-8001 (fax)  
sademi@ademilaw.com  
jblythin@ademilaw.com  
meldridge@ademilaw.com